THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br>KENYON TAYLOR,<br><br>                Defendant. | CASE NO. CR18-0155-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant Kenyon Taylor's motion for sentence reduction (Dkt. No. 49) and the parties' motions to seal (Dkt. Nos. 47, 53). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Mr. Taylor's motion for sentence reduction (Dkt. No. 49) and GRANTS the parties' motions to seal (Dkt. Nos. 47, 53) for the reasons explained herein.

## I.    BACKGROUND

       In December 2018, Mr. Taylor pleaded guilty to possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. (Dkt. Nos. 29, 31, 33, 35.) In the plea agreement, he admitted to selling methamphetamine on three occasions in May 2018 and attempting to do so on a fourth in June 2018. (Dkt. No. 33 at 6–7.) On the date he was arrested, Mr. Taylor arranged to sell methamphetamine to an individual he

later learned was a confidential informant. (Dkt. No. 33 at 7.)  When Mr. Taylor was arrested, officers found a backpack in his car containing two loaded firearms, 41.3 grams of methamphetamine, smaller amounts of heroin and crack cocaine, more than 50 pills (including MDMA, buprenorphine hydrochloride/naloxone, carisoprodol, and oxycodone), plastic baggies, and a digital scale. (*Id.*) Both firearms were stolen. (*Id.*) On March 12, 2019, the Court sentenced Mr. Taylor to 60 months of imprisonment for possession of firearms in furtherance of a drug trafficking crime and 12 months of imprisonment for possession of methamphetamine with an intent to distribute, to be served consecutively for a total of 72 months imprisonment, followed by three years of supervised release. (Dkt. No. 44.) Mr. Taylor has served approximately 31 months of his 72-month sentence and is currently incarcerated at FCI Sheridan with a release date of September 1, 2023. (Dkt. No. 56 at 1.)

Mr. Taylor argues a sentence reduction is warranted under 18 U.S.C. § 3582(c)(1)(A)(i) because his mild obesity and race place him at a higher risk for complications from COVID-19. (*See* Dkt. Nos. 49 at 4–8, 55 at 1–4.) The Government opposes release, emphasizing that Mr. Taylor's mild obesity is manageable at the FDC and Mr. Taylor has not experienced additional complications typically associated with obesity. (Dkt. No. 52 at 7.) The Government also argues that even if the Court finds extraordinary and compelling reasons to reduce Mr. Taylor's sentence, the 18 U.S.C. § 3553(a) factors do not support a reduction and Mr. Taylor has not demonstrated that he would not pose a danger to the community. (Dkt. No. 52 at 10.)

## II.    DISCUSSION

### 1. Mr. Taylor's Motion for Sentence Reduction

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the Court considers the factors set forth in 18 U.S.C.

§ 3553(a) to the extent they are applicable.[1] 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). The Sentencing Commission's relevant policy statement, in turn, states that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community." United States Sentencing Guidelines ("USSG") § 1B1.13.[2]

Health conditions that make an inmate significantly more vulnerable to complications from COVID-19 may constitute extraordinary and compelling circumstances justifying a reduced sentence. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020). Mr. Taylor cites his mild obesity and race as constituting such a circumstance. (*See* Dkt. Nos. 49 at 4–8, 55 at 1–4.) However, because a reduction in Mr. Taylor's sentence would not be consistent with 18 U.S.C. § 3553(a), the Court need not decide whether he has established extraordinary and compelling reasons.

The section 3553(a) factors include the nature and circumstances of the underlying offense, the need for the sentence imposed to reflect the seriousness of the offense, the need to promote respect for the law and afford adequate deterrence to criminal conduct, as well as the

---

[1] As a threshold matter, a defendant must also demonstrate that he has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. *See United States v. Taylor*, 2020 WL 7383648, slip. op. at 1–2 (6th Cir. 2020). Specifically, a defendant must show that he exhausted administrative remedies or waited 30 days following receipt of his request by the warden before filing his motion. *Id.* at 1. Mr. Taylor has made this showing. (*See* Dkt. No. 49-1.)

[2] In light of the statutory changes enacted by the First Step Act, it is unclear whether USSG 1B1.13 remains an "applicable" policy statement that limits the Court's discretion. Four Courts of Appeals have held it does not. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). The Ninth Circuit has not squarely addressed the issue, and the Court finds it unnecessary to answer the question in this case because the Court denies Mr. Taylor's motion because the 18 U.S.C. § 3553(a) factors weigh against release. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (finding it unnecessary to decide whether the policy statement remains binding because the district court denied relief based on the sentencing factors in section 3553(a)). Nonetheless, the Court notes that the policy statement remains at the very least instructive and that it may help guide the Court's discretion. *See, e.g.*, *Gunn*, 980 F.3d at 1180.

applicable sentencing range and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Here, releasing Mr. Taylor from confinement early would undermine the goals of sentencing. As noted in Mr. Taylor's Presentence Report, in spite of his criminal history, which included five previous felony convictions for drug distribution, his longest previous period of confinement was 14 months, and such a sentence was not sufficient to deter Mr. Taylor from engaging in criminal conduct. (Dkt. No. 36 ¶¶ 26–34.) Even in light of COVID-19, these factors remain fundamentally unchanged. Reducing Mr. Taylor's sentence from 72 months to just under 31 months would not promote respect for the law or provide adequate deterrence.

Because Mr. Taylor fails to carry his burden to establish that the Section 3553(a) factors support a reduction in sentence, the Court DENIES his motion for a reduction in sentence.

**2. Parties' Motions to Seal**

The parties move to maintain Mr. Taylor's medical records under seal. (Dkt. Nos. 48, 54.) The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court need not decide whether Mr. Taylor's motion for a reduction in sentence is a dispositive motion because the Court FINDS that Mr. Taylor has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013).

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Mr. Taylor's motion for sentence reduction (Dkt. No. 49) and GRANTS the parties' motions to seal (Dkt. Nos. 47, 53). The Court DIRECTS the Clerk to maintain Docket Numbers 48 and 54 under seal.

1 | DATED this 15th day of January 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE