THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>KENYON TAYLOR,<br><br>                Defendant. | CASE NO. CR18-00155-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Kenyon Taylor's motion for early termination of supervised release (Dkt. No. 61). Having thoroughly considered the motion and the relevant record, the Court DENIES the motion for the reasons explained herein.

In March 2019, Mr. Taylor pleaded guilty to possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. (*See* Dkt. No. 35 at 1.) The Court sentenced Mr. Taylor to 72 months of imprisonment followed by three years of supervised release. (*See* Dkt. No. 44 at 2–3.) His term of supervision began in February 2023 and is scheduled to end in February 2026. (*See* Dkt. No. 63 at 1.) Mr. Taylor now moves for early termination of his supervised release, citing his rehabilitation efforts and positive contributions to his community. (*See* Dkt. No. 61 at 1–3.)

The Court may terminate a term of supervised release after the defendant has served at least one year of the term if the Court finds that termination is warranted by the defendant's

conduct, and that doing so is in the interests of justice. 18 U.S.C. § 3583(e)(1). When ruling on a motion for early termination, the Court must consider various factors, including the nature of the defendant's crime, the defendant's characteristics, the need to protect the public from further criminal conduct, the need to provide the defendant access to correctional support, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. *Id.* (citing factors in 18 U.S.C. § 3553(a)).

Mr. Taylor has performed well while on supervision. He has had only one violation report in 2023—for allegedly consuming alcohol and failing to notify Probation of his address change—and Probation recommended no action by the Court. (Dkt. No. 59 at 2.) He has also maintained stable employment, sobriety, housing, and communication with Probation. (Dkt. No. 63 at 2.) However, the Government opposes termination of supervision because of Mr. Taylor's prior criminal history and a recent civil protection order[1] issued against him. (*See id.* at 1–4.) And Probation recommends against it for much the same reason. (Dkt. No. 66 at 2.)

While the Court commends Mr. Taylor's rehabilitation efforts, it agrees with the Government that the recent domestic violence protection order issued against him[2] necessitates continued supervision. Because of the violent nature of the conduct underlying the protection order, there remains a need to protect the public from Mr. Taylor, *see* 18 U.S.C. § 3553(a)(2)(C), and the Court does not find that terminating the remainder of his supervision to be in the interest of justice.

---

[1] On January 23, 2025, a King County superior court issued a domestic violence protection order against Mr. Taylor protecting the mother of Mr. Taylor's children. (*See* Dkt. Nos. 64 at 1, 64-1 at 2.) In issuing the protection order, that court found, by a preponderance of the evidence, that Mr. Taylor subjected her to domestic violence. (*See* Dkt. No. 64-1 at 5.)

[2] The protection order defines domestic violence as "physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking." (Dkt. No. 64-1 at 5.) Although this is "a range of possible misconduct," (Dkt. No. 64 at 2), all of the possibilities raise concerns for public safety. And Mr. Taylor's contact with his children and ongoing family court proceedings, (*see id.* at 2), do not obviate the threat to the mother of his children.

1    For the foregoing reasons, Mr. Taylor's motion for early termination of supervised

2  release (Dkt. No. 61) is DENIED.

3

4    DATED this 2nd day of June 2025.

5

6

7

8  John C. Coughenour
   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26